UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

RECEIVED
SEP 3 2010
9-3-2010
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

John Batiste Jr.

Judge Robert M. Dow, Jr.

(Enter above the full name
of the plaintiff or plaintiffs in
this action)

vs.

Todd H. Stroger

Thomas Dart

Director Dr. Hart

Dr. Ledvora

Nurse Cynthia Jones

Nurse Ms. Pennington

(Enter above the full name of ALL
defendants in this action. Do not
use "et al.")

Case No: 10C 3437
(To be supplied by the Clerk of this Court)

**FILED**

OCT 14 2010

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

**FOURTH AMENDED**

**CHECK ONE ONLY:**

__X__  COMPLAINT UNDER THE CIVIL RIGHTS ACT, TITLE 42 SECTION 1983
U.S. Code (state, county, or municipal defendants)

_____  COMPLAINT UNDER THE CONSTITUTION ("BIVENS" ACTION), TITLE
28 SECTION 1331 U.S. Code (federal defendants)

_____  OTHER (cite statute, if known)

*BEFORE FILLING OUT THIS COMPLAINT, PLEASE REFER TO "INSTRUCTIONS FOR FILING." FOLLOW THESE INSTRUCTIONS CAREFULLY.*

I. **Plaintiff(s):**

   A. Name: John Batiste

   B. List all aliases: None

   C. Prisoner identification number: 2010-0114135

   D. Place of present confinement: Cook County Dept. of Corrections

   E. Address: P.O. BOX 089002, Chicago, IL. 60608

   (If there is more than one plaintiff, then each plaintiff must list his or her name, aliases, I.D. number, place of confinement, and current address according to the above format on a separate sheet of paper.)

II. **Defendant(s):**

   (In A below, place the full name of the first defendant in the first blank, his or her official position in the second blank, and his or her place of employment in the third blank. Space for two additional defendants is provided in B and C.)

   A. Defendant: Todd Stroger

   Title: Cook County Board President

   Place of Employment: 118 N. Clark Street RM. 537, Chicago, IL. 60602

   B. Defendant: Thomas Dart

   Title: Cook County Sheriff

   Place of Employment: Richard J. Daley Center, RM. 704
   50 W. Washington St. Chicago, IL. 60602

   C. Defendant: Director Dr. Hart

   Title: Director- Cermak Health Services of Cook County

   Place of Employment: Cermak Health Services of Cook County
   2800 S. California Ave., Chicago, IL. 60608

   (If you have more than three defendants, then all additional defendants must be listed according to the above format on a separate sheet of paper.)

I. **Plaintiff(s):**

  A. Name: John Batiste

  B. List all aliases: None

  C. Prisoner identification number: 2010-0114135

  D. Place of present confinement: Cook County Dept. of Corrections

  E. Address: P.O. BOX 089002, Chicago, IL. 60608

(If there is more than one plaintiff, then each plaintiff must list his or her name, aliases, I.D. number, place of confinement, and current address according to the above format on a separate sheet of paper.)

II. **Defendant(s):**

(In A below, place the full name of the first defendant in the first blank, his or her official position in the second blank, and his or her place of employment in the third blank. Space for two additional defendants is provided in B and C.)

  D. Defendant: Dr. Ledvora

  Title: Doctor

  Place of Employment: Cermak Health Services of Cook County
  2800 S. California, Chicago, IL. 60608

  E. Defendant: Cynthia Jones

  Title: Nurse

  Place of Employment: Cermak Health Services of Cook County
  2800 S. California Ave. Chicago, IL. 606008

  F. Defendant: Ms. Pennington

  Title: Nurse

  Place of Employment: Cermak Health Services of Cook County
  2800 S. California Ave., Chicago, IL. 60608

(If you have more than three defendants, then all additional defendants must be listed according to the above format on a separate sheet of paper.)

1

## IV Statement of Claim:

1. Based on the release of the Department of Justice Report which was sent to Todd Stroger and Tom Dart, (made available through a public document by the Civil Rights Division's website by expert consultants in 2007), thus from this document the plaintiff sites to show the deliberate indifference and wanton disregard towards this detainee's constitutional rights and these violations against the 8th and 14th amendments of the U.S.C. This continues to be common practice through out the Cook County Jail. As a person with disabilities, this violates the American Disability Act (A.D.A). All named defendants can not claim ignorance for that is no excuse for the law. The investigation was done in which did not motivate the defendants to change or implement a new policy.

2. Based on Dr. Hart's continued medical practices known by the defendant through the Department of Justice Report in regards to scheduling needed medical appointments and monitoring acute chronic conditions, this plaintiff alleges lack of proper medical attention directed by Dr. Hart in regards to the scheduling and monitoring of his acute chronic known medical condition via his medical records. The plaintiff was treated with deliberate indifference in regards to this medical condition. These medical practices are on-going and continuous in the Cook County Jail.

3. The plaintiff alleges lack of proper medical attention by Dr. Ledvora in regards to monitoring of the plaintiff's health condition which was known by the plaintiff's medical records. The plaintiff was treated with deliberate indifference for his Protein-C deficiency since the plaintiff's departure from Jackson Park Hospital to his arrival at Cermak Health Services of Cook County on 01/15/10 and even to this present date.

4. On February 2, 2010, the plaintiff was called to the dispensary to see Dr. Ledvora, who at that time informed the plaintiff that his blood levels were non-therapeutic from his known blood disorder, Protein-C deficiency which causes blood clots.
Dr. Ledvora prescribed 8 mg. of coumadin and 75 units of lovenox to be taken over a three day period as a treatment plan. The plaintiff was

Case: 1:10-cv-03437 Document #: 27 Filed: 10/14/10 Page 5 of 17 PageID #:167
Case: 1:10-cv-03437 Document #: 16 Filed: 09/03/10 Page 5 of 17 PageID #:98

2

treated with deliberate indifference in regards to his medical attention. The medication was administered to the plaintiff by the nursing staff, Ms. Pennington and Ms. Cynthia Jones who were scheduled to Division 10 1-D, and was to be given two times a day over the three day period, (Feb 3, 2010 thru February 6, 2010).

While following Dr. Ledvora's treatment plan, the plaintiff was experiencing and complaining about being in extreme pain during that three day period.

Based on the plaintiff's known medical condition, and the findings at Stroger Hospital, the plaintiff alleges that Dr. Ledvora's treatment and lack of proper medical attention caused further injury to the plaintiff.

5. The plaintiff alleges lack of proper medical attention when he complained of experiencing excruciating pain and he was disregarded and brushed off by Ms. Pennington and Ms. Cynthia Jones.

During the time this medication was being administered by the nursing staff, it was not until continuous complaints from the plaintiff regarding the pain and his injury were expressed, Correctional Officer McNutt finally sent the plaintiff to the dispensary at or about 11:30pm on February 6, 2010. The nursing staff at Division 10 dispensary sent the plaintiff to Cermak Health Center E.R. and the doctor at the Cermak Health Center sent the plaintiff to Stroger Hospital E.R after witnessing that the plaintiff was in extreme pain and was in need of urgent and proper medical attention.

Stroger Hospital medical staff ran a multitude of test and found a blood clot and a hematoma injury to the right thigh (femur). The plaintiff was admitted to Stroger Hospital and continued to experience extreme pain for twelve days. The plaintiff was given morphine shots for the pain, treatment for the injury, and received physical therapy.

On February 19, 2010, upon discharge from the hospital, the plaintiff was given follow-up treatment and a walker.

The findings at Stroger Hospital were that Dr. Ledvora's actions and improper medical attention caused the plaintiff a serious injury.

This plaintiff contends that his United States constitutional rights (8th and 14th amendment) were violated as evidenced by the plaintiff being deprived of proper medical attention and treated with cruel and unusual punishment while suffering from an injury.

- 46 -

assessments puts all inmates and staff at risk from the spread of disease.

### 4. Inadequate Acute Care

CCJ fails to provide adequate and timely acute care to inmates with serious or potentially serious acute medical conditions. CCJ's acute care services substantially depart from generally accepted correctional medical care standards. We identified grossly inadequate acute care that led to prolonged suffering and premature deaths of inmates at CCJ. Acute care was so deficient that inmates suffered needlessly because medical staff failed to ensure that inmates met scheduled appointments, failed to monitor acute conditions, and failed to timely treat inmates' conditions. We found numerous instances where CCJ's failure to adequately assess and treat inmates likely contributed to preventable deaths, amputation, hospitalizations, and unnecessary harm.[36]

The following examples highlight CCJ's deficiencies in providing acute care:

   a.  In early 2006, Gloria D. died after not receiving adequate care for an emergent and life threatening condition. Gloria, who suffered from human immunodeficiency virus ("HIV"), was admitted to CCJ in early 2006. After one month in the facility, staff ordered an x-ray after Gloria complained of persistent cough and shortness of breath. Although her x-ray was abnormal, Gloria did not receive any follow up care. Less than three weeks after her abnormal x-ray, Gloria developed a fever, tachycardia,[37] and low oxygen saturation. Gloria was hospitalized and died of untreated Pneumocystis carinii.[38]

---

[36] Our medical chart review was hampered by CCJ's highly disorganized and incomplete medical records. For example, 72 percent of the records we requested for inmates sent to hospital emergency rooms were unavailable. While the medical records deficiencies hindered our review, we were still able to document serious lapses in medical care.

[37] Tachycardia is a rapid heart rate, over 100 beats a minute, which can be caused by cardiac arrhythmia.

[38] Pneumocystis carinii is an opportunistic but preventable infection that occurs in immunosuppressed populations, primarily HIV patients with advanced infection.

Dept. of Justice

- 48 -

hospital of sepsis two months after his admission to CCJ. This was a preventable death.

e. Five days after his 2007 intake to CCJ, Henry H. had a new, on-set seizure and suffered a fractured jaw during the incident. It took six days for him to be seen by an oral surgeon and he was never evaluated for the cause of his seizure, as he should have been.

5. **Inadequate Chronic Care**

CCJ fails to provide adequate care to inmates with serious medical needs that require monitoring and follow-up medical care. Inmates who suffer from chronic medical illnesses must be regularly monitored by medical professionals to prevent the progression of their illnesses. Monitoring should occur on a regular basis to ensure that symptoms are under control and that medications are appropriate based on generally accepted correctional medical standards. However, we found that CCJ was deficient in ensuring that patients are seen on a regular basis, that medications are timely distributed, and that inmates are monitored and treated to prevent the progression of illnesses.

Specifically, in examining a sampling of medical records of inmates with chronic conditions, we found the following instances of deficient chronic care:

a. In reviewing the records of ten CCJ inmates with diabetes, we looked for seven nationally accepted interventions.[40] Inadequately monitored diabetes can lead to stroke, vision loss, diseases that effect the feet and muscles, kidney damage, coma, and death. In a gross departure from generally accepted correctional standards, none had a documented urinary microalbumin within the last 12 months; only two had a measurement of A1c hemoglobin within the past three months; four had a cholesterol measurement within past year; two were on aspirin prophylaxis; and two had a dilated retina exam. Our review of these files revealed that CCJ was not adequately monitoring these inmates through

---

[40] These interventions are: measurement of sugar levels upon intake, measurement of urinary microalbumin, dilated examination of the retina, cholesterol measurement, measurement of A1c hemoglobin, chronic care visit with physician, and aspirin therapy.

CASE # 10 C 3437

CASE# 10 C 3437

Part-A / Control #: 2010X 0797

Referred To: CERMAK

# COOK COUNTY DEPARTMENT OF CORRECTIONS
# DETAINEE GRIEVANCE

Detainee Last Name: Jackson    First Name: John

ID#: 2009-0181...    Div/Living Unit: ...    Date: 02/12/2010

BRIEF SUMMARY OF THE COMPLAINT: On or about Tues. 02/02/10, per the Eagle
doctor's request, this detainee was called to the dispensary
(Super dose injection). This detainee was informed by the doctor
that his HCV levels were not therapeutic based on the doctor's
findings and calculations. A Intron-A (Interferon) Peg-Intron and
Ribavirin was ordered and the Intron-A Super dose was ad-
ministered. This detainee began experiencing a lot of pain. After
this medication was administered at that dosage for for a period
of three days, this detainee was in excruciating pain. Therefore
on 02/05/10, Approximately 10:45pm, Officer McNutt had this detainee
transported to Stroger Hospital, where this detainee was diagnosed
as having a HEART ATTACK, resulted in twelve days of hospitalization
and possible surgery at a later date.

NAME OF STAFF OR DETAINEE(S) HAVING INFORMATION REGARDING THIS COMPLAINT: Officer McNutt

ACTION THAT YOU ARE REQUESTING: compensatory and punitive damages in the amount of 3.5 million

DETAINEE SIGNATURE: [signature] 02/12/10

C.R.W.'S SIGNATURE: HINTON    DATE C.R.W. RECEIVED: 03/25/10

*Please note: Decisions of the "Detainee Disciplinary Hearing Board" cannot be grieved or appealed through the use of a grievance form.
All appeals must be made in writing and directly submitted to the Superintendent.*

# MEDICATION ADMINISTRATION RECORD
## CERMAK HEALTH SERVICES OF COOK COUNTY

Month/Year: Feb, 2010

**Medications:**
- Robaxin 750mg PO BID  2-3-10 — 2-8-10
- Amox/Clavu 875/125 Tab PO BID x 7 days  2-3-10 — 2-10-10
- Coumadin 5mg PO 7 P.M. 8mg  2-2-10 — 3-2-10
- Poracky  2-2-10 — 2-23-10
- Sucralfate 1gm. PO 6" to 4pm  2-2-10 — 2-16-10
- Lovenox Inj. 75mg 612" x 3 days D/C on 2-8-10 Dose 2-9-10 — 2-6-10

Allergies: OLANZAPINE

Patient Name: Baptiste, John

CASE # 10 C 3437
Judge Robert M. Dow Jr.

## OTC / PRN / STAT MEDICATION

| Date | Hour | Medication/Dosage/Route | Reason | Initials | EMT/Nurse Signature - Title | Initials | EMT/Nurse Signature - Title |
|---|---|---|---|---|---|---|---|
| | | | | | | | |

ALLERGIES

CASE # 10 C 3437
Judge Robert M. Dow Jr

EMERGENCY RESPONSE / AMBULANCE REPORT

Name: Batiste, John     DOC #: 20100114135     DOB: 10-1-62
Date: 2-6-10            Division: 10-1D

| TIME INFORMATION | | Origin of Run or Site of Emergency | |
|---|---|---|---|
| Called: | | | ☐ SHCC ER |
| Arrived Scene: | | | ☐ Court |
| Departed Scene: | | | ☐ Oak Forest |
| Arrived at Hospital: | | | ☐ Division |
| Returned to CHS | | | ☐ Other |

CHIEF COMPLAINT / REASON FOR TRANSPORT: Pain to posterior (R) Thigh.
Hx. of Blood clots. Please evaluate.

| Time | B/P | Pulse | Resp. | Temp. | Difib/Rhythm | O2 | Drugs/Solu. | Dose |
|---|---|---|---|---|---|---|---|---|
| 9:30p | 166/97 | 96 | | 98.8 | | 99% | | |

Physical Findings:
Noted large bulging area to posterior (R) Thigh. Hard to touch.

Assessment:
1.
2.
3.

Therapy Rendered:

Mode of Transportation: ☐ W/C ☐ Stretcher ☐ Stair Chair ☐ Cart ☐ Ambulance ☐ Walk

Destination / Disposition: ☐ SHCC ER ☐ Cermak ER ☐ Remain in GP ☐ Refer to S/C ☐ Oak Forest ☐ Court ☐ Other

signature of CMT/Paramedic/Title     CMT/E PRINTED FROM ELECTRONIC RECORD

Form: 47503 Rev: May, 2003
1. Medical Chart
2. Resource Hospital
3. Cermak EMT Director

P/Nm-BATISTE, JOHN
DOB-10/01/62 Age--47 FC- 01/14/10
Acct 20100114135 1001AV MR# 295301

CASE# 10 C 3437

Time ER visit completed 10:45 pm
Time departed for Outside Hospital
Time arrived 10:20 P  Time Triaged 10:10  Time Examined by Provider

Pt Name: BATISTE, JOHN
DOB: 10/01/62  Age: 47  FC: 01/14/10

| Initial | DOC # | Location | DOB: |
|---|---|---|---|
|  |  |  |  |

RACE: ☐ B  ☐ W  ☐ L  Other ___
Sex: ☐ Male  ☐ Female

x3 days s/o pain to posterior ® thigh, H/o blood clots

| FIRST DAY LMP | Last Tetanus | Allergies: | O² Sat | Peak Flow | Accu Check | Urine Dipstick |
|---|---|---|---|---|---|---|
|  | KMA | N/A | 97% |  |  |  |

| Temp | Pulse | Resp. rate | BP | Repeat Vitals | Orthostatic Vitals | Nurses Signature |
|---|---|---|---|---|---|---|
| 98.3 | 96 | 19 | 115/70 |  |  |  |

47 year old c
Problem c delivery
CVS: S/a reg p
murmur
Chest: clear
No edema

Treatment / Advice
To JSH.
IV line.
#1 ^ 10:40
#20 ® Hand - it

CT ☐
X-RAY ☐
EKG ☐   LAB ☐

☐ JSH  ☐ Provident  ☐ Other Hospital
☐ Sick Call  ☐ Specialty Clinic

Diagnosis:
DVT vs
Intramuscular
Hematoma

Physician Signature / Pager Number

Consent - I hereby authorize the physician and/or nurse in charge of emergency / or outpatient care at Cermak Health Services to administer such treatment and medication as may be deemed necessary or advisable by the physician in the diagnosis and treatment of this case while a patient at the hospital. I further authorize Cermak Health Services to release necessary information to authorized physicians for future care, or to insurance companies or other authorized agencies for completion of my care for hospitalization or medical benefits, and to release medical information to public authorities.

Refusal of Treatment Release - I hereby refuse treatment ...
Physician in charge of emergency / or outpatient care at Cermak Health Services ...
hereby agree not to hold the physician or Cermak Health Services responsible for any harm or injury that may result from my action, and to release medical information to Public authorities.

Form: 853.15 Rev December 12, 2005

Signature of Patient or Responsible Person
Signature of Witness

REMOVED FROM CHRONIC RECORD

Signature of Patient or Responsible Person
Signature of Witness

☐ Sexual Assault Panel
RPR, HBsAG, HIV I, HCV-Ab, HIV Consent,
Gonorrhea Culture: __Mouth __Anus __Urethra
☐ Past Exposure Panel
HIV I, HCV-Ab, HBsAG/AB, RPR

Pt Name: BATISTE, JOHN
DOB: 10/01/62  Age: 47  FC: 01/14/10

CASE # 10C 3437

| Date | Time ER visit completed | |
|---|---|---|
| Time arrived | Time Triaged | Time departed for Outside Hospital |
| | | Time Examined by Provider |

| CK Pt№ – BATISTE, JOHN<br>DOB-10/01/62 Age-47 FC-01/14/10<br>Acct 20100114135 # MR# 265301 | Initial | DOC # | Location<br>HD | DOB: |
| --- | --- | --- | --- | --- |
| | | RACE: ☒B ☐W ☐L<br>Other _____ | | Sex ☒Male<br>☐ Female |

Refusing medical services
h/o ® thigh Hematoma, Pain c M̄ ō Hb ⇵/O/T. CKD c̄ ↑ K⊕
recent 2 d/n of kayexalate now K⊕=5.3.

| FIRST DAY LMP | Last Tetanus | Allergies: | O² Sat | Peak Flow | Accu Check | Urine Dipstick |
|---|---|---|---|---|---|---|
| | | | | | | |

| Temp | Pulse | Resp. rate | BP | Repeat Vitals | Orthostatic Vitals | Nurses Signature<br>D. McIntosh |
|---|---|---|---|---|---|---|
| | | | | | | |

Dr Cody

Refused vitals, eval +
_____
_____
Discussed c̄ Dr. Hart
would transfer pt back
to JSH

CT ☐
X-RAY ☐
EKG ☐   LAB ☐

☐ JSH  ☐ Provident  ☐ Other Hospital
☐ Sick Call  ☐ Specialty Clinic

Treatment / Advice
✓

Diagnosis:
① CKD c̄ ↑ K⊕  ② ® thigh Hematoma
② Pain c M̄ ō HS nully O/T.
③ ® df pain @ day.

Physician Signature / Pager Number

Consent – I hereby authorize the physician and / or nurse in charge of emergency / or outpatient care at Cermak Health Services to administer such treatment and medication as may be deemed necessary or advisable by the physician in the diagnosis and treatment of this case while a patient at the hospital. I further authorize Cermak Health Services to release necessary information to authorized physicians for future care, or to insurance companies or other authorized agencies for completion of insurance or hospitalization or medical benefits, and to release medical information to public authorities.

Signature of Patient or Responsible Person
Signature of Witness

Refusal of Treatment Release – I hereby release treatment in this case as advised by the Physician in charge of emergency / or outpatient case at Cermak Health Services and I hereby agree not to hold the physician or Cermak Health Services responsible for any harm or injury that may result from my action, and to release medical information to Public authorities.

Signature of Patient or Responsible Person
Signature of Witness

PRINTED FROM ELECTRONIC RECORD

Form#: 863.15 Rev December 12, 2005

☐ Sexual Assault Panel
RPR, HBsAG, HIV 1, HCV-Ab, HIV Consent,
Gonorrhea Culture: __Mouth __Anus __Urethra
☐ Post Exposure Panel
HIV 1, HCV-Ab, HBsAG/AB, RPR

CK Pt№ – BATISTE, JOHN
DOB-10/01/62 Age-47 FC-01/14/10
Acct 20100114135 # MR# 265301

CASE # 10 C 3437

Date: _____ Time arrived: _____ Time Imaged: _____ Time ER visit completed: _____ Time departed for Outside Hospital: _____ Time Examined by Provider: _____

Last Name: CK--BATISTE, JOHN
DOB: 10/01/62 Age: 47 FC: 01/14/10
Acc# 20100114133

DOC#: _____
Location: 10201
DOB: _____
History: JSH Rtn
RACE: ☒ B ☐ W ☐ L Other: _____
Sex: ☒ Male ☐ Female

S/P (R) thigh hematoma (B) distal popliteal DVT

Hx: CKD. Microcytic anemia - ACD. Multiple DVT - s/s protein C def, Hep B - HCV, DM, HTN.

FIRST DAY LMP: N/A
Last Tetanus: 2010
Allergies: NKDA
O² Sat: 99% RA
Peak Flow: _____
Accu Check: _____
Urine Dipstick: _____

Temp: 98.5
Pulse: 85
Resp rate: 20
BP: 123/68
Repeat Vitals: _____
Orthostatic Vitals: _____
Nurses Signature: _____

Imp: CKD, Hep B or Hep C, Multiple DVT, Prot C def, DM, HTN, multiple meds

(+) for tetanus, evaluations for (B) thigh hematoma

hematoma x3 of hematoma popped/change

(B) thigh hematoma resolved

Treatment/Advice: F/u to DIV 10
Please Ref Script

☐ X-RAY
☐ EKG   ☐ LAB

☐ JSH   ☐ Provident   ☐ Other Hospital
☐ Sick Call   ☒ Specialty Clinic  Rheum Clinic / Ropy left foot  Hand Clinic / Hand

Diagnosis:
① Prot C deficiency
② H/o multiple DVTs
③ DM
④ HTN
⑤ CKD

Physician Signature / Pager Number: _____

Consent - I hereby authorize the physician and/or nurses in charge of emergency/or outpatient care at Cermak Health Services to administer such treatment and medication as may be deemed necessary or advisable by the physician in the diagnosis and treatment of this case while a patient at the hospital. I further authorize Cermak Health Services to release records, any information to authorized physicians for future care, or to insurance companies or other authorized agencies for completion of my care for hospitalization or medical benefits, and to release medical information to public authorities.

Signature of Patient or Responsible Person: _____
Signature of Witness: _____

Refusal of Treatment, Release - I hereby refuse treatment in this case as advised by the Physician in charge of emergency/or outpatient care at Cermak Health Services and I hereby agree not to hold the physician or Cermak Health Services responsible for any harm or injury that may result from my action, and to release medical information to public authorities.

PRINTED FROM ELECTRONIC RECORD

Signature of Patient or Responsible Person: _____
Signature of Witness: _____

Format: 883.15 Rev December 12, 2005

☐ Sexual Assault Panel
RPR, HBsAG, HIV 1, HCV-Ab, HIV Consent, Gonorrhea Culture: __Mouth __Anus __Urethra
☐ Post Exposure Panel
HIV 1, HCV-Ab, HBsAG/AB, RPR

CASE # 10 C 3437



V. **Relief:**

State briefly exactly what you want the court to do for you. Make no legal arguments. Cite no cases or statutes.

Relief sought: Compensatory damage(s) in the amount of 3.5 Million Dollar(s) and punitive damages in the amount of 3.5 million Dollar(s). The plaintiff alleges that he was deprived and treated with cruel and unusual punishment with in the 8th and 14th amendment of the United States Constitution.

VI. The plaintiff demands that the case be tried by a jury.  ☒ YES  ☐ NO

CERTIFICATION

By signing this Complaint, I certify that the facts stated in this Complaint are true to the best of my knowledge, information and belief. I understand that if this certification is not correct, I may be subject to sanctions by the Court.

Signed this _____ day of _____, 20____

_____John Batiste_____
(Signature of plaintiff or plaintiffs)

John Batiste
(Print name)

#20100114135
(I.D. Number)

Cook County Dept. of Corrections
P.O. Box 089002
Chicago, Illinois 60608
(Address)

6

Revised 9/2007