UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JOHN BATISTE, JR., | ) | |
| | ) | |
| Plaintiff, | ) | 10 C 3437 |
| | ) | |
| v. | ) | Honorable Judge |
| | ) | Robert M. Dow, Jr. |
| COUNTY OF COOK, et. al., | ) | |
| | ) | |
| Defendants. | ) | |

**REPLY BRIEF IN SUPPORT OF DEFENDANTS'**
**MOTION TO DISMISS PLAINTIFF'S FIFTH AMENDED COMPLAINT IN PART**

NOW COME the Defendants, Jacqueline Jack, Cynthia Jones and Marilyn Pennington, through their attorney ANITA ALVAREZ, State's Attorney of Cook County, through her assistant, Assistant State's Attorney KEVIN FREY, with their reply to Plaintiff's Response Brief in Opposition to Defendants' Motion to Dismiss and states as follows:

**INTRODUCTION**

Defendants Jacqueline Jack, Cynthia Jones and Marilyn Pennington[1] moved to dismiss Count II of Plaintiff's Fifth Amended Complaint because it is barred by the statute of limitations or in the alternative, because Plaintiff failed to comply with the expert affidavit requirement under 735 ILCS 5/2-622(a)(1). (See CM/ECF # 78). Plaintiff argues in his response to the Defendants Motion to Dismiss that (a) the Plaintiff's state law claim is timely because it relates

---

[1] Defendants Cook County and Avery Hart also were included in the Motion to Dismiss Count II of Plaintiff's Fifth Amended Complaint. However, Plaintiff did not bring Count II against Cook County or Avery Hart. Therefore, Defendants Cook County and Avery Hart have filed a motion with this Court seeking to file their answer to Plaintiff's Fifth Amended Complaint *instanter*. (See CM/ECF # 87).

1

back to the previous date of filing; (b) the Plaintiff's state law claim is timely because it is governed by 745 ILCS 10/8-101(b), and thus is subject to a two year statute of limitations; and (c) the Plaintiff is not required to file an expert affidavit. Plaintiff's arguments are inconsistent with the law and fail to present a legitimate basis for this Court to allow the Plaintiff's claims pursuant to Count II of his Fifth Amended Complaint to continue.

## ARGUMENT

### I. PLAINTIFF'S STATE BASED CLAIM OF NEGLIGENCE-WILLFUL AND WANTON CONDUCT ALLEGED IN COUNT II OF HIS FIFTH AMENDED COMPLAINT IS TIME-BARRED AND SHOULD BE DISMISSED.

Plaintiff's response sets forth two arguments as to why Count II of his Fifth Amended Complaint is not time-barred pursuant to 745 ILCS 10/8-101(a). Plaintiff first contends that the allegations of Count II relate back to Plaintiff's other timely filed complaints. Plaintiff also contends that his claim of negligence falls within the two year statute of limitations and not the one year statute of limitations.

#### A. PLAINTIFF'S STATE BASED CLAIM OF NEGLIGENCE-WILLFUL AND WANTON CONDUCT ALLEGED IN COUNT II OF HIS FIFTH AMENDED COMPLAINT DOES NOT RELATE BACK AND THUS IS TIME BARRED.

Plaintiff's response relies upon Federal Rule of Civil Procedure 15(c)(1)(B) and argues that "[b]ecause Count II is fully supported by the same allegations in Batiste's timely filed complaints, it relates back in time to those complaints pursuant to Rule 15(c) and is not time-barred." (Pl. Resp. at 5) In order for a Count II of Plaintiff's Fifth Amended Complaint to relate back under Rule 15(c)(1)(B) of the Federal Rules of Civil Procedure, the amendment must assert "a claim or defense that arose out of the conduct, transaction, or occurrence set out-or attempted to be set out-in the original pleading." Fed. R. Civ. P. 15(c)(1)(B). The Seventh Circuit has recognized "notice is the critical element involved in Rule 15(c) determinations." *Staren v.*

2

*American National Bank and Trust Company of Chicago,* 529 F.2d 1257, 1263 (7th Cir. 1976) (*citations omitted*).

The Plaintiff filed his Fifth Amended Complaint on April 29, 2010, adding three additional defendants and a state law claim of negligence/willful and wanton conduct. (See. CM/ECF # 69). This amendment was filed over fourteen months after the alleged incident, and thus was barred by the statute of limitations. Plaintiff's Fifth Amended Complaint makes allegations that after returning from the hospital Plaintiff was not provided with adequate care. (Pl. Comp. at ¶¶ 40-42). This directly conflicts with the allegations made in Plaintiff's Fourth Amended Complaint where he alleged that after he returned from the hospital he was provided with follow-up treatment. (Plaintiff Fourth Amended Complaint at ¶ 5). The Plaintiff's Fifth Amended Complaint cannot relate back to the date of filing because it not only contradicts with the Fourth Amended Complaint, but also brings new evidence to light that prejudices the Defendants. Therefore, Rule 15(c) does not apply to the Defendants. Because Plaintiff first raised the state law claim of negligence and/or willful and wanton conduct by the Defendants in his Fifth Amendment Complaint, over fourteen months after the alleged incident, this claim is time barred based on the one-year statute of limitations set forth in 745 ILCS 10//8-101(a).

Even if the Plaintiff's Fifth Amended Complaint relates back with regard to Defendants Jones and Pennington, it does not with regard to Defendant Jack. Defendant Jack was first named as a Defendant in his Fifth Amended Complaint. Plaintiff does not claim in his response that Defendant Jack was an unknown or mistaken defendant. The Plaintiff has currently filed five amended complaints, adding defendants throughout the entire process. Now that the statute of limitations has run on the Plaintiff's claim, he wishes to add Defendant Jack, but Defendant Jack was not named as a defendant prior to the filing of the Fifth Amended Complaint.

Courts have consistently held that the mistake clause of Rule 15(c) "does not permit relation back where ... there is a lack of knowledge of the proper party." *Hall v. Norfolk S. Ry. Co.,* 469 F.3d 590, 596 (7th Cir. 2006) (*citing Wood v. Worachek,* 618 F.2d 1225, 1229 (7th Cir. 1980). Further,"Rule 15(c)(3) provides for relation back only as "a means for correcting the mistakes of plaintiffs suing official bodies in determining which party is the proper defendant." *King v. One Unknown Fed. Corr. Officer,* 201 F.3d 910, 914 (7th Cir. 2000) (citing *Donald v. Cook County Sheriff's Dep't,* 95 F.3d 548, 560 (7th Cir.1996) (citing Advisory Committee Note to the 1966 Amendment to Rule 15(c))). Moreover, the Seventh Circuit has specifically stated that "it is pointless to include lists of anonymous defendants in federal court; this type of placeholder does not open the door to relation back under Fed. R. Civ. P. 15, nor can it otherwise help the plaintiff." *Wudtke v. Davel,* 128 F.3d 1057, 1060 (7th Cir. 1997).

It would be inconsistent with the law of this circuit and prejudicial to Defendant Jack to allow the Plaintiff to simply add her as a defendant after the statute of limitations had run. The Plaintiff is not correcting a mistake by adding Defendant Jack to the complaint, and Defendant Jack did not receive proper notice of suit prior to the statute of limitations running on Plaintiff's state law claim, thus, Rule 15(c) does not apply to Defendant Jack.

    **B. PLAINTIFF'S STATE BASED CLAIM DOES NOT "ARISE OUT OF PATIENT CARE," AND THUS IS TIME BARRED.**

In his response, Plaintiff contends that if Count II of his Fifth Amended Complaint does not relate back to his other timely filed complaints, his cause of action falls under the two-year statute of limitations provided in 745 ILCS 10/8-101(b). (Pl. Resp. at 8). Plaintiff argues that the allegations made in Count II "causally flow from the care he received from the nurses and correctional officers who were charged with tending to him." (Pl. Resp. at 11). However, the allegations contained in Plaintiff's complaint and the legislative intent behind 745 ILCS 10/8-

4

101(b) demonstrate that his injuries did not arise out of patient care and Count II is subject to the one-year statute of limitations under 745 ILCS 10/8-101(a).

In order for Plaintiff to prove that Defendants were negligent, he must establish that his alleged injury arose out of the care he received. The Plaintiff has been diagnosed with Protein-C deficiency, which is defined by the Plaintiff as a condition that "causes abnormal blood clotting." (Pl. Comp. ¶ 18). The phrase "arising out of" has been interpreted to require a showing that of a "causal connection." *Brucker v. Mercola,* 227 Ill.2d 502, 521 (2007). In order to establish a causal connection between what the Plaintiff alleges as patient care (receiving the medication) and the injury (the pain from the blood clot), the Plaintiff must show that there is a causal connection between the two. But, since the Plaintiff has had a condition which causes abnormal blood clotting since 1997 he cannot show this connection.

Moreover, Plaintiff's attempts to argue that the alleged inaction on the part of the Defendants was part and parcel of them providing him medical treatment for his Protein-C deficiency fails. (Pl. Resp. at 9-11). What is clear from the legislative intent behind 745 ILCS 10/8-101(b) is that plaintiffs have two years to file a lawsuit in instances where care was actually given. This is reinforced by the fact that throughout the debate cited to in Defendants' Memorandum of Law there are specific references to medical malpractice which is a claim that arises out of when care was actually given. In fact, Representative Hultgren specifically stated during the debate within the Illinois House of Representatives that the amendment is limited to patient care and malpractice issues. (Defendant's Motion to Dismiss, Ex. 1 at 3). This clearly shows that the Illinois Legislature only wished to provide for a longer statute of limitations in situations where the "arising out of patient care" language applies.

The giving of medication and then the alleged inaction by the Defendants are completely separate acts. Plaintiff's claim alleges that the Defendants were negligent towards his care by failing to provide him with pain medication. (Pl. Comp. ¶¶ 28-38). This pain did not result from any patient care he received, but rather the care he did not receive. Plaintiff's alleged injury comes from a failure to act on the part of Defendants, not because they rendered him care. If the Defendants did not provide any care or medical treatment as the Plaintiff alleges, then there is no claim that could arise from patient care.

Plaintiff's argument is even more suspect as to Defendant Jack. There are no allegations that Defendant Jack provided Plaintiff care for his Protein-C deficiency. The only allegation against Defendant Jack is that during the Diabetic call, Jack disregarded Plaintiff's complaints and told him "he was just getting old." (Pl. Comp. ¶ 30). This allegation has nothing to do with any treatment rendered for Plaintiff's Protein-C deficiency. It is clear that Plaintiff's allegations against all three Defendants did not arise out of patient care.

Plaintiff has failed to plead facts that show a causal connection between the care he received and his injury. In addition, Plaintiff has not alleged that his injury was caused by an affirmative act of care on behalf of the Defendants in his Fifth Amended Complaint. As a result, the one-year statute of limitations under 745 ILCS 10//8-101(a) applies. Because Plaintiff first raised the state law claim of negligence and/or willful and wanton conduct by the Defendants over fourteen months after the alleged incident, it is barred by the statute of limitations.

**II. PLAINTIFF'S FAILURE TO COMPLY WITH SECTION 2-622 OF THE ILLINOIS CODE OF CIVIL PROCEDURE WARRANTS DISMISSAL OF COUNT II OF PLAINTIFF'S FIFTH AMENDED COMPLAINT.**

Plaintiff has failed to establish how the requirements of Section 2-622 do not apply to his case. Courts have consistently held that a Certification of Merit is required for malpractice suits.

In order to determine whether or not the complaint is based on malpractice the court looks to three factors: first whether the standard of care is within the knowledge of the ordinary lay juror; second whether the action in question involved medical judgment; and third what evidence is required to establish the claim. See *Bommersbach v. Ruiz,* 461 F.Supp.2d 743, 749 (S.D. Ill. June 9, 2006)(Herndon, J.) *citing Jackson v. Chicago Classic Janitorial and Cleaning Service, Inc.,* 823 N.E.2d 1055, 1058 (Ill. App. 2005)); see also *Lyon v. Hasbro Indus., Inc.,* 156 Ill. App. 3d 649, 655 (4th Dist. 1987)(holding that the certification requirement applies if the determination at issue in the claim "is inherently one of medical judgment")) Moreover, courts have specifically acknowledged that "[w]here determining the standard of care requires applying *distinctively medical knowledge or principles,* however basic, the plaintiff must comply with section 2-622" *Woodard v. Krans,* 234 Ill. App. 3d 690, 705-706 (2nd Dist. 1992). The Northern District in *Warren ex rel. Warren v. Dart* interpreted the requirement for a Certificate of Merit based on three types of negligence suits against health care providers, with only the last category not demanding a certificate; the types of suits are: "(1) malpractice suits requiring expert testimony; (2) malpractice cases not requiring expert testimony; and (3) negligence suits essentially common law in character, that happen to be directed against health care providers." *Warren ex rel. Warren v. Dart,* 09-CV-3512, 2010 U.S. Dist. LEXIS 124671 at * 32 (N.D. Ill. Nov. 24, 2010)(Dow, J.).

      The Plaintiff's response attempts to minimize the medical knowledge associated with his condition. The fact that Courts have recognized that even the most basic of medical principles demand a certificate refutes Plaintiff's claim that the medical issues related to Plaintiff's allegations are within the scope of a common lay juror, or the evidence required to support the claim is not medical in nature. (Pl. Resp. at 12-13). At all relevant times to his complaint,

7

Plaintiff suffered from a Protein-C deficiency, a condition which causes abnormal blood clotting. (Pl. Comp. ¶ 18). Plaintiff alleges that it is the treatment of this condition that resulted in Plaintiff's subsequent pain and blood clot. (Pl. Comp. ¶ 27). In order for the Plaintiff to successfully present his case to the jury, his underlying medical issues would have to be presented, and it is these issues that are far beyond the knowledge of the common lay juror.

The Plaintiff wants this Court to believe the issue ends with the Plaintiff's pain, however, his response argues that the Defendants "were well apprised of [his] abnormal blood clotting condition," and this knowledge supports his claim that they disregarded him and his condition. (Pl. Resp. at 9). In order for the Plaintiff's claim to be made to the jury, the jury must understand Protein-C deficiency and how the condition affected the Plaintiff. Moreover, Plaintiff's claim ties directly into the standard of care which he was given, and thus demands a Certificate of Merit. The instances in which a plaintiff is not required to provide a Certificate of Merit as discussed by the courts simply do not apply to the Plaintiff's cause of action. The issues in the Plaintiff's complaint demand an expert to educate the jury, a discussion of the Defendants' medical judgment, and medical evidence to prove the Plaintiff's case. All of these factors refute the Plaintiff's argument that he did not need to file a Section 2-622 Certificate of Merit as demanded by the Illinois Code of Civil Procedure. Since Plaintiff's case demands a Certificate of Merit and Plaintiff failed to file one, Count II of Plaintiff's Fifth Amended Complaint should be dismissed.

## CONCLUSION

Based upon the foregoing, Count II of Plaintiff's Fifth Amended Complaint against Defendants Jacqueline Jack, Cynthia Jones and Marilyn Pennington should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted.

Respectfully Submitted,

ANITA ALVAREZ
State's Attorney of Cook County

By: /s/ Kevin Frey
    Kevin Frey
    Assistant State's Attorney
    69 West Washington, Suite 2030
    Chicago, IL 60602
    (312) 603-1440