**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| JOHN BATISTE, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 10-CV-3437 |
| | ) | |
| THOMAS DART, ET AL., | ) | Judge Robert M. Dow, Jr. |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff John Batiste, Jr., originally *pro se*, brings this action against Defendants Cook County, Cook County Sheriff Thomas Dart, Salvador Godinez, Dr. Avery Hart, Dr. David Fagus, Cynthia Jones, Marilyn Pennington, Jacqueline Jack, Steven McNutt, and other unknown members of the Cook County Jail, Cermak Health Services of Cook County, and Cook County Department of Corrections. Now represented by counsel and on his fifth amended complaint, Plaintiff's current two-count complaint alleges that Defendants failed to provide him with adequate medical care while he was a pre-trial detainee in the Cook County Department of Corrections in violation of 42 U.S.C. § 1983 (Count I). Plaintiff also alleges a state law claim for negligence and willful and wanton conduct (Count II).

Defendants Jack, Hart, Pennington, and Cook County moved to dismiss Count II of Plaintiff's fifth amended complaint [78], and Defendants Dart and McNutt also have moved to dismiss Count II [82]. Plaintiff has moved to strike [96] the reply briefs filed by both sets of Defendants. For the reasons stated below, the Court denies Plaintiff's motion to strike [96] and grants in part and denies in part both motions to dismiss Count II.

## II. Background[1]

### A. Factual Background

Plaintiff John Batiste was arrested on January 13, 2010, and transferred to the Cook County Jail on January 15, 2010. (Pl. Comp. ¶¶ 20-21) Plaintiff alleges that he has suffered from a congenital disease called Protein-C deficiency since approximately 1997. (Pl. Comp. ¶ 18) Plaintiff claims that he Plaintiff asserts that on February 2, 2010, he was seen by Dr. Ronald Ledvora and was told that his blood levels were non-therapeutic. Dr. Ledvora prescribed 8mg of Coumadin to be given daily for a month and 75 units of Lovenox to be given twice a day for a three day period. (Pl. Comp. ¶¶ 24-25) Plaintiff asserts that he was given his first dose of Lovenox on February 4, 2010. (Pl. Comp. ¶ 26)

Plaintiff claims that shortly after receiving the Lovenox he began to experience extreme pain in his right thigh area. (Pl. Comp. ¶ 27) Plaintiff alleges that on the evening of February 4, 2010, he complained to Defendants Pennington and Jones about the pain and Defendants Pennington and Jones told him that they would call him later to address the pain, but never did. (Pl. Comp. ¶¶ 28-29) Plaintiff asserts that on February 5, 2010, he complained about his pain to Defendant Jack, and Jack failed to address his complaints. (Pl. Comp. ¶ 30) Plaintiff claims that while he was waiting for the nurses to return, he complained of pain to Defendant McNutt, a correctional officer at Cook County Jail. Plaintiff alleges that he made multiple requests for medical treatment for his pain and Defendants Jack, Jones and Pennington ignored those requests. (Pl. Comp. ¶ 34) Plaintiff asserts that he was finally seen for the pain on February 6, 2010, when Defendant McNutt sent Batiste for medical treatment at Cermak Hospital after seeing that he was unable to get out of his bed in his cell. He then was transferred to Stroger

---

[1] For purposes of Defendants' motions to dismiss, the Court assumes as true all well-pleaded allegations set forth in the second amended complaint. See, e.g., *Killingsworth v. HSBC Bank Nevada, N.A.*, 507 F.3d 614, 618 (7th Cir. 2007).

Hospital where he remained until February 19, 2010. (Pl. Comp. ¶¶ 35, 37, 40)  At that point, he was transferred back to Cook County Jail.

Plaintiff claims that he did not receive pain medication until February 7, 2010, and continued to be in pain until February 19, 2010. (Pl. Comp. ¶¶ 39, 42).  He also maintains that at Stroger Hospital he was diagnosed with a blood clot and hematoma injury and prescribed physical therapy to regain full mobility to his leg.  According to Plaintiff, the jail did not provide him with access to physical therapy and that as a result of Defendants' deliberate indifference and refusal to provide him with prompt and timely medical treatment, he suffered from extreme pain from February 2, 2010, through February 19, 2010.

Count II of Plaintiff's fifth amended complaint asserts a state law claim of medical negligence brought against Defendants Dart, Godinez, Jack, Jones, Pennington, and McNutt. Plaintiff alleges that Defendants deviated from the standard of care in their treatment of Plaintiff by failing to provide prompt medical treatment when such treatment was requested by Plaintiff, which caused Plaintiff to suffer physical pain, continue to be disabled, and to incur future medical expenses.

### B.     Procedural Background

Plaintiff filed his original complaint on June 4, 2010, and his first amended complaint less than one week later, on June 10, 2010.  Plaintiff filed his second amended complaint on July 15, 2010, and his third and fourth amended complaints on July 30, 2010 and October 14, 2010, respectively. There are no substantive differences between these complaints.

On June 4, 2010, Plaintiff filed a motion for appointment of counsel, which the Court denied on June 15, 2010.  On January 20, 2011, the Court revisited its prior ruling and appointed Attorney O'Brien as counsel for Plaintiff in accordance with counsel's trial bar obligations under

Local Rule 83.37. Counsel was required to file an appearance, meet with Plaintiff, and confer with Defendants' counsel prior to February 23, 2011. On February 10, 2011, counsel filed an agreed motion to extend the deadlines set forth in the January 20, 2011 minute entry. The motion was granted on February 14, 2011, and counsel was given until March 29, 2011, to file his appearance, confer with Plaintiff, and confer with Defendants' counsel. Plaintiff's counsel filed his appearance on March 9, 2011, and subsequently met with Batiste and conferred with Defendants' counsel. On April 29, 2011, with the assistance of his newly-appointed counsel, Plaintiff filed his Fifth Amended Complaint, adding a pendent state claim.

### C.     Motion to Strike

Plaintiff filed a motion to strike Defendants' reply briefs, maintaining that Defendants have raised a new argument in their replies that was not raised in the original motions to dismiss. Defendants' motions to dismiss argued that Plaintiff's state law claim in his fifth amended complaint is time-barred and should be dismissed. In their initial motion, Defendants relied on the statute of limitations contained in the Illinois Tort Immunity Act, 745 ILCS 10/8-101(a). In his response brief, Plaintiff's first argument is titled "Batiste's Pendant State Claim is Timely Pursuant to the Relation Back Doctrine Because it Arose Out of the Conduct, Transaction or Occurrence Set Out – or Attempted to be Set Out – in His Timely Section 1983 Claim." Plaintiff goes on to argue in his response that the state law claims are fully supported by the same allegations in Plaintiff's timely filed complaints, and therefore the state law claims relate back in time to those complaints pursuant to Rule 15(c).

In their reply briefs, Defendants argued that relation back under Federal Rule 15(c)(1)(B) requires both fair notice and that the claims arose out of a common core of facts. Defendants did not raise a new argument in their reply, but merely supplied a complete reply to Plaintiff's

argument that the state law claims relate back. "When a non-movant raises new arguments in response to a motion, courts have allowed the movant to respond in the reply brief." *Del Monte Fresh Produce, N.A., Inc. v. Chiquita Brands Int'l, Inc.*, 616 F. Supp. 2d 805, 829 (N.D. Ill. 2009); See also *Stallings v. Black & Decker Corp.*, 500 F. Supp. 2d 1030 (S.D. Ill. 2007). In their replies, Defendants were not raising a new issue, but were simply addressing the relation back issue that was raised by Plaintiff in his response. Plaintiff's motion to strike [96] is denied.

## II.     Legal Standard on a Rule 12(b)(6) Motion

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of the complaint, not the merits of the case. See *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). To survive a Rule 12(b)(6) motion to dismiss, the complaint first must comply with Rule 8(a) by providing "a short and plain statement of the claim showing that the pleader is entitled to relief" (Fed. R. Civ. P. 8(a)(2)), such that the defendant is given "fair notice of what the * * * claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Second, the factual allegations in the complaint must be sufficient to raise the possibility of relief above the "speculative level," assuming that all of the allegations in the complaint are true. *E.E.O.C. v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007) (quoting *Twombly*, 550 U.S. at 555). "Detailed factual allegations" are not required, but the plaintiff must allege facts that, when "accepted as true, * * * 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 129 S. Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 555). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 129 S.Ct. at 1949. "[O]nce a claim has been stated adequately, it may be supported by showing any set of

facts consistent with the allegations in the complaint." *Twombly*, 550 U.S. at 563. The Court

accepts as true all of the well-pleaded facts alleged by the plaintiff and all reasonable inferences

that can be drawn therefrom. See *Barnes v. Briley*, 420 F.3d 673, 677 (7th Cir. 2005).

### III. Analysis

#### A. Adding an Additional Cause of Action (Count II)

Defendants contend that Count II of Plaintiff's fifth amended complaint is time-barred.

In their motions, Defendants frame Count II as a medical negligence claim. However, Plaintiff

maintains that the claim alleges negligence and willful and wanton conduct in violation of 725

ILCS 5/103-2(c), which provides that "[p]ersons in custody shall be treated humanely and

provided with proper food, shelter and, if required, medical treatment." According to Plaintiff,

the negligence and willful and wanton claim stems from Defendants' deviation from the standard

of care specified in the statute. See *Cuyler v. United States,* 362 F.3d 949, 952 (7th Cir. 2004)

("A conventional principle of tort law * * * is that if a statute defines what is due care in some

activity, the violation of the statute * * * presumptively establishes that the violator failed to

exercise due care."). Plaintiff maintains that by failing to provide him with the medical care that

he needed while in custody, the nurses and correctional officers who served as his custodians did

not treat him humanely. Plaintiff argues that because Count II is premised on the same

allegations in his timely filed complaints, it relates back to those complaints pursuant to Rule

15(c) and is not time-barred.

The Tort Immunity Act provides that "Illinois * * * governmental entities and their

Employees * * * benefit from a one-year statute of limitations for 'civil actions' against them."

*Williams v. Lampe,* 399 F.3d 867, 870 (7th Cir. 2005); see 745 ILCS 10/8-101(a). The Illinois

statute applies even when the state law claims are joined with a § 1983 claim. Thus, "[w]hile the

two-year period * * * applies to Section 1983 claims * * * the one-year period applies to state-law claims that are joined with a Section 1983 claim." *Id.* (internal citations omitted).  However, pursuant to Federal Rule of Civil Procedure 15(c), an amendment to the original complaint may relate back to the date of the original pleading. "[T]o benefit from * * * [the] 'relation back' doctrine, the original complaint must have been timely filed." *Id.*

The one-year period of limitations for Plaintiff's state law claim expired in February 2011, one year from the date when the conduct complained of arose.  He filed his original complaint on June 4, 2010, and all previous amendments by October 14, 2010.  Therefore, Plaintiff's original complaint and four amendments were filed comfortably within the limitations period.

Because Plaintiff filed his fifth amended complaint on April 29, 2011, after the one-year limitations period for his state law claim, his pendent state law claim survives only if it relates back to his timely filed complaints.  An amendment to a complaint that introduces a new claim "relates back to the date of the original pleading when * * * the amendment asserts a claim or defense that arose out of the conduct, transaction or occurrence set out—or attempted to be set out—in the original pleading."  Fed. R. Civ. P. 15(c)(1)(B).  "[R]elation back is permitted * * * where an amended complaint asserts a new claim on the basis of the same core of facts, but involving a different substantive legal theory than that advanced in the original pleading." *Bularz v. Prudential Ins. Co. of Am.,* 93 F.3d 372, 379 (7th Cir. 1996); see also *Luckett v. Conlan, 561 F. Supp. 2d 970, 975 (N.D. Ill. 2008)* ("Rule 15(c)(1)(B) allows an amendment to relate back to the original pleading when the amendment asserts a new claim based on the same core of facts alleged in the original pleading, but involves a new legal theory.").  A party that adds a new substantive claim to his action need only ensure that "the new claim stems from the same

7

'conduct, transaction, or occurrence' as was alleged in the original complaint * * * [and] there is no additional requirement that the claim be based on an identical theory of recovery." *Bularz,* 93 F.3d at 379.

In his fourth amended complaint, Plaintiff alleged facts that formed the basis of his § 1983 claim. He alleged that on February 2, 2010, he was informed that his "blood levels were non-therapeutic" from his known blood disorder. He was prescribed medication "to be taken over a three day period as a treatment plan." He stated that the medication was administered to him by the nursing staff from February 3, 2010 thru February 6, 2010. During that three day period, Plaintiff alleged that he complained about being "in extreme pain" but that he was "disregarded and brushed off by [the nurses] Ms. Pennington and Ms. Cynthia Jones." He alleged that it was not until February 6, 2010, that "Correctional Officer McNutt finally sent [him] to the dispensary at or about 11:30pm." Plaintiff stated that he was hospitalized and "continued to experience extreme pain" until his release on February 19, 2010. He alleged that the hospital found that "improper medical attention caused [his] serious injury."

In response to Plaintiff's argument that his pendent state law claim relates back to his timely filed complaints, Defendants argue that the relation back of amendments to complaints under Federal Rule 15(c)(1)(B) requires both fair notice and that the claims arose out of a common core of facts. See *Santamarina v. Sears*, 466 F.3d 570, 573 (7th Cir. 2006) ("The criterion of relation back is whether the original complaint gave the defendant enough notice of the nature and scope of the plaintiff's claim that he shouldn't have been surprised by the amplification of the allegations of the original complaint in the amended one"). Defendants then maintain that Plaintiff has not provided any argument that the Defendants had fair notice that a state law claim—based on exactly the same facts—would be added at some point in the pleading

process. Defendants' argument, as it pertains to Defendants Dart, Pennington, and Jones, rings hollow. Defendants Dart, Pennington, and Jones were named in Plaintiff's fourth amended complaint, filed within the one-year period, and should have been well aware of the facts giving rise to Plaintiff's state law cause of action. There is no notice problem with respect to these Defendants.

Defendants also argue that Plaintiff has not provided any argument that he had good cause to amend his complaint. This argument borders on frivolous. Plaintiff, a *pro se* prisoner, set forth the operative facts in four complaints. Then, when counsel was appointed, his lawyer was able to attach the appropriate legal theory to the facts that Plaintiff already had alleged.

The Court concludes that the same facts alleged in Plaintiff's fourth amended complaint now form the basis of his pendent state claim in the fifth amended complaint. The state claim alleges that, by failing to provide the humane treatment required by 725 ILCS 5/103-2(c), Defendants acted with negligence and willful and wanton conduct. The facts supporting Plaintiff's new claim are almost identical to those asserted in his § 1983 claim. In Count II, he alleges that he was not provided medical treatment for more than three days, despite his complaints of pain. He also alleges that he was not taken to a hospital, despite repeated complaints of pain, and that the medical help finally provided was untimely and inadequate. These allegations closely resemble those in found in Plaintiff's fourth amended complaint. Federal Rule 15(c)(1)(B) only requires that the new claim asserted arise "out of the conduct, transaction or occurrence set out—*or attempted to be set out*—in the original pleading." Fed. R. Civ. P. 15(c)(1)(B) (emphasis added). At the least, Plaintiff *attempted* to set out the same set of facts that form the basis of his state law claim in the complaints that he filed *pro se*. Moreover, the new pendent state claim alleged in Count II of the fifth amended complaint arises out of the

9

same incident already described in the original complaint. As a result, the relation back doctrine applies to Plaintiff's pendent state claim and the state claim, as it pertains to certain defendants (see infra III.B.) is not time-barred. See, *e.g., Bularz,* 93 F.3d at 379; *Luckett, 561* F. Supp. 2d at 975; *United States v. Omnicare, Inc.,* 2011 WL 1059148 at \*6 (N.D. Ill. Mar, 21, 2011).

### B.      Adding Additional Defendants

Even though Plaintiff's fifth amended complaint relates back with regard to Defendants Dart, Jones, and Pennington, it does not with regard to Defendants Godinez, McNutt, and Jack. These Defendants were first named as defendants in the fifth amended complaint. The Seventh Circuit has long interpreted Rule 15(c)(1) "to permit an amendment to relate back to the original complaint only where 'there has been an error made concerning the identity of the proper party and where that party is chargeable with knowledge of the mistake.'" *King v. One Unknown Fed. Corr. Officer*, 201 F.3d 910, 914 (7th Cir. 2000) (citing *Baskin v. City of Des Plaines*, 138 F.3d 701, 704 (7th Cir. 1998)); *Worthington v. Wilson*, 8 F.3d 1253, 1256 (7th Cir. 1993); *Wood v. Worachek*, 618 F.2d 1225, 1230 (7th Cir. 1980)). The "mistake" requirement of the relation-back rule is not satisfied by a mere lack of knowledge of the proper defendant; the plaintiff must have actually erred in naming the proper defendant. *Hall v. Norfolk S. Ry. Co*., 469 F.3d 590, 595 (7th Cir. 2006); see also *Baskin*, 138 F.3d at 704. Establishing the existence of a mistake is a threshold requirement in a 15(c)(1) inquiry and is independent of the determination of whether the party to be brought in had knowledge of the action. *King*, 201 F.3d at 914 (citing *Baskin*, 138 F.3d at 704; *Worthington*, 8 F.3d at 1257; *Wood*, 618 F.2d at 1230). "[I]n the absence of a mistake in the identification of the proper party, it is irrelevant for purposes of [Rule 15(c)(1)] whether or not the purported substitute party knew or should have known that the action would have been brought against him." *Baskin*, 138 F.3d at 704 (citing *Wood*, 618 F.2d at 1230).

Plaintiff has not satisfied the Rule 15(c) relation back requirements so as to overcome the statute of limitations with respect to Defendants Godinez, McNutt, and Jack because Plaintiff's failure to identify these individuals by name in any of the previous complaints does not meet the requirements of a "mistake" under Rule 15(c)(1). See, e.g., *Worthington v. Wilson,* 8 F.3d at 1256 (holding that "[b]ecause Worthington's failure to name Wilson and Wall was due to a lack of knowledge as to their identity, and not a mistake in their names, Worthington was prevented from availing himself of the relation back doctrine of Rule 15(c)"); see also *Hall v. Norfolk Southern Ry. Co.*, 469 F.3d 590, 595 (7th Cir. 2006) (holding that "a plaintiff [who] names a fictitious defendant like 'John Doe' because he does not know who harmed him * * * has not made a 'mistake' concerning 'identity' within the meaning of rule 15(c)(3)"); *Jackson v. Kotter*, 541 F.3d 688, 696 (7th Cir. 2008) (holding that "[n]ot knowing a defendant's name is not a mistake under Rule 15). Thus, Rule 15(c) does not apply to Defendants Godinez, McNutt, and Jack. Although Plaintiff may pursue his § 1983 claim against these Defendants, his pendant state law claim against them is dismissed.

**IV.     Conclusion**

For these reasons, the Court grants in part and denies in part Defendants' motions to dismiss Count II of Plaintiff's fifth amended complaint [78 and 82]. Defendants' motions are denied as to the state law claim asserted against Defendants Dart, Jones, and Pennington. However, Plaintiff's state law claim is dismissed as to Defendants Godinez, McNutt, and Jack. The Court denies Plaintiff's motion to strike [96].

Dated:  October 19, 2011                                   _____

Robert M. Dow, Jr.
United States District Judge